108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Marguerita DILLARD, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States,
Defendant-Appellee.
 No. 96-6230.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 FOR APPELLANT: STEPHEN J. ELLIOT, New York, N.Y. (Stuart W. Gold, Cravath, Swaine & Moore, of counsel).
 FOR APPELLEE: NEIL M. CORWIN, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Southern District of New York, Steven M. Haber, Assistant United States Attorney, of counsel).
 Present JACOBS, LEVAL CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Plaintiff-appellant, Marguerita Dillard, appeals from a June 28, 1996 judgment of the United States District Court for the Southern District of New York (Mukasey, J.), dismissing her discrimination action against the United State Postal Service. Dillard contends that the district court erred (1) in dismissing her claims for failure to timely exhaust her administrative remedies and (2) in denying her request to obtain discovery supposedly relevant to her defense of the Postal Service's motion to dismiss.
 
 
 4
 The district court dismissed Dillard's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), or alternatively, for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The district court's 12(b)(1) dismissal and its 12(b)(6) dismissal were both based on the same rationale--that Dillard did not timely exhaust her administrative remedies and was not entitled to a tolling of those deadlines on either equitable grounds or on the basis of the applicable regulatory tolling provision.
 
 
 5
 The analysis under 12(b)(1), however, implicates issues of sovereign immunity and jurisdiction that are apparently undecided by this Court. We need not address these potentially novel issues because black-letter principles, applicable both to the analysis under 12(b)(1) and that under 12(b)(6), are fully sufficient to justify affirmance for the reasons stated in the district court's thorough and well-reasoned opinion. See Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155 (2d Cir.1996) ("On some occasions ... considerations of judicial economy and restraint may persuade the court to avoid a difficult question of subject-matter jurisdiction when the case may be disposed of on a simpler ground."); Browning-Ferris Indus. v. Muszynski, 899 F.2d 151, 154-60 (2d Cir.1990). In short, we agree entirely with Judge Mukasey that there is no basis for tolling the filing deadlines; we therefore affirm the dismissal of Dillard's complaint for failure to state a claim under Rule 12(b)(6); and do not reach the issue of whether the 12(b)(1) dismissal was proper.
 
 
 6
 The district court's decision to deny Dillard's discovery request was also proper and we affirm that decision also for the reasons stated in Judge Mukasey's opinion.
 
 
 7
 We have considered all of Dillard's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.